IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Herbert Lee Matthews, Jr.,

Petitioner,

vs.

Warden J. McFadden,

Respondent.

Civil Action No. 6:15-3194-RMG-KFM

**REPORT OF MAGISTRATE JUDGE**

The petitioner, a state prisoner proceeding *pro se*, brought this action seeking habeas corpus relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the district court.

**BACKGROUND**

The petitioner is currently confined at Lieber Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted by a Charleston County Grand Jury in September 2006 for armed robbery (2006-GS-10-9246), pointing and presenting a firearm (2006-GS-10-9245), and possession of a firearm during commission of a violent crime (2006-GS-10-9247) (app. 400-01, 406-07, 411-12). The petitioner was represented by Assistant Charleston County Public Defenders Mary Alison Ford and Andrew Grimes. On August 7-8, 2007, a jury trial was held before the Honorable John C. Few. The jury found the petitioner guilty as charged. On August 8, 2007, Judge Few sentenced the petitioner to 30 years of imprisonment for armed robbery and five years concurrent on the firearms offenses (app. 1-295, 402, 405, 413).

The petitioner timely noticed his appeal. He was represented by Elizabeth Franklin-Best who filed an amended final brief of appellant on April 23, 2009 (app. 387-97).

The petitioner raised the following issue on appeal: "Did the State offer insufficient evidence at trial to sustain Matthews' conviction of armed robbery?" The State, represented by Harold M. Coombs, Jr., filed its brief on December 30, 2008.

On March 15, 2010, the South Carolina Court of Appeals affirmed the petitioner's convictions and sentence. *State v. Matthews*, 2010-UP-210 (S.C. Ct. App.) (app 398-99). The Remittitur was issued on March 31, 2010, and filed on April 1, 2010 (doc. 24-5).

On July 8, 2010, the petitioner filed an application for post-conviction relief ("PCR") (2010-CP-10-5394) (app. 297-307). In his application, the petitioner alleged the following grounds for relief:

> 1. Ineffective assistance of trial counsel in that counsel failed to call favorable witnesses to testify.
>
> 2. Prosecutorial misconduct in that prosecutor made statement that Applicant was guilty and implied personal belief.

(App. 297-307). The State filed a return on November 23, 2010.

The Honorable Deadra L. Jefferson held an evidentiary hearing on May 24, 2011. The petitioner was present at the hearing with his attorney, Mark A. Peper. Assistant Attorney General Matthew J. Friedman represented the State. The petitioner testified on his own behalf at the hearing. He also presented testimony from both of his trial attorneys (app. 313-71). Judge Jefferson denied relief and dismissed the application with prejudice in an order of dismissal filed on July 27, 2011 (app. 376-86).

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender LaNelle Cantey DuRant represented him in collateral appellate proceedings. On May 24, 2012, the petitioner filed a petition for writ of certiorari presenting the following issue:

> Did the PCR court err in not finding trial counsel ineffective for failing to request a jury charge on identification when identification was the primary issue since no witnesses saw the

robber's face and could not identify Petitioner as the armed robber?

(Doc. 24-7). The State filed a return to the petition on August 7, 2012 (doc. 24-8). The South Carolina Supreme Court filed an order denying certiorari on November 7, 2013 (doc. 24-9). The remittitur was issued on November 25, 2013, and filed by the Charleston County Clerk of Court on November 27, 2013 (doc. 24-10).

On July 16, 2013, the petitioner filed a second PCR application (2013-CP-10-4170), in which he raised the following issues:

1. “Ineffective Assistance of Appellate Counsel”
2. “Doyle Violations”
3. “Failure to hold a voir-dire hearing”
4. “Failure to produce”
5. “No motion to sequester”
6. “Both innocence and guilt”
7. “Fundamentally fair”
8. “A high quantum of proof”
9. “Mere Presence”
10. “Double Jeopardy”
11. “Reasonable Probability”
12. “Due Process”
13. “Stereotype”
14. “No immediate physical evidence”
15.“Clear unambiguous language.”

(Doc. 24-11). The State filed a return and motion to dismiss, dated September 21, 2015 (doc. 24-12). The State argued that the 2013 application should be summarily dismissed because it was barred as successive under S.C. Code Ann. § 17-27-90 (1985) and *Aice v. State*, 409 S.E.2d 392 (S.C. 1991), and because it was untimely under the one-year statute of limitations governing the filing of PCR actions, S.C. Code Ann. § 17-27-45(A) (Supp. 2015).

On October 8, 2015, the Honorable R. Markey Dennis, Jr., filed a conditional order in which he conditionally granted the State’s motion for summary dismissal based on untimeliness and successiveness but gave the petitioner 20 days from the date the order was served upon him to show cause why a final order should not be entered (doc. 24-13).

The petitioner filed a *pro se* response on November 30, 2015 (doc. 24-14). The petitioner asserted that the "his conviction violate[s] due process, because the state's prosecutor knowingly used several pieces of false testimony" (*id.* at 1). A final order of dismissal was entered on March 29, 2016. *See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2013CP1004170&CaseType=V (last visited May 25, 2016).

## FEDERAL PETITION

In his federal petition, the petitioner makes the following claims (verbatim):

> **GROUND ONE**: Ineffective Assistance of Counsel.
> **SUPPORTING FACTS**: Trial counsel was ineffective for failing to request a jury charge on identification, when identification was the primary issue, since no witnesses saw the robbers face and could not identify petitioner as the armed robber.
>
> **GROUND TWO**: Prosecutorial Misconduct.
> **SUPPORTING FACTS**: I do think that the prosecutorial remark is a golden rule violation. See page 259, line 11; page 265, line 13-15. The statement tends to completely destroy all sense of impartiality of the jurors, and its effects are to arouse the passions and prejudice of the jurors. This is to show both error and prejudice.
>
> **GROUND THREE**: Suffered Prejudice.
> **SUPPORTING FACTS**: The petitioner suffered prejudice from the performance of trial counsel when identity and reasonable doubt were not subsumed in the standard armed robbery charge, and the identification instruction would have made an appreciable difference in the outcome of the petitioner's trial.
>
> **GROUND FOUR**: Instructional – Mistaken Identification.
> **SUPPORTING FACTS**: The United States Courts recommended that trial courts include, as a matter of law, an identification instruction and provided a model identification instruction. The model instruction, which emphasized that the state had to prove the accuracy of the identification of the defendant beyond a reasonable doubt, was designed to focus the attention of the jury on the identification.

(Doc. 1 at 5-10).

In the memorandum in support of his petition (doc. 1-1), the petitioner also alleges (verbatim):

> **GROUND FIVE (Memorandum Argument 2)**: "The trial judge erred in allowing the accuser's and the officer's identification testimony into evidence at trial because the highly suggestive out-of-court identification procedure used by police where the accuser did not see the perpetrator, and shortly thereafter, the officer lost sight of the accused perpetrator, several times, the actions of the officer and the accuser's resulted in an unreliable identification and misidentification in this case."
>
> **GROUND SIX (Memorandum Argument 3)**: "In the wake of what the PCR judge wrote in the order of dismissal see page 384. "While an additional instruction on identity would have given and directed the jury that the applicant is to be found not guilty if identity is not proven beyond a reasonable doubt. The charge in it's totality imposes the same burden on the state in establishing the elements of the offense." When their statements are rife with inconsistencies, enough to cast on its credibility, it is an matter that is exclusively for the jury to assess, if not the identity charge [then] the trial court must/ should instruct on the "mere presence" charge.
>
> Without the charge from the trial court it has caused irreparable injury to the petitioner. The trial court judge said it was an "oversight" *see* App. 360, ll. 1-25 regardless of the circumstances the requirement of statues are not satisfied. Trial counsel abandoned her role as defense counsel, when the trial court gave her a way to make [a] motion, and in fact it helped bolster the case against her client. The motion and or the two (2) charges to the jury would have made a difference in obtaining an acquittal at a critical stage in the trial.
>
> **GROUND SEVEN (Memorandum Argument 4)**: "Did the trial court err[] in not using the two-prong inquiry … in *Neil v. Biggers*.

(Doc. 1-1 at 2, 4-7) (emphasis in original).

On December 15, 2015, the respondent filed a motion for summary judgment and the return (docs. 25, 26). By order of this court filed dated December 16, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond

adequately (doc. 26). His response was due January 22, 2016. The petitioner did not file a response by that date.

As the petitioner is proceeding *pro se*, the undersigned filed an order on January 25, 2016, giving him through February 16, 2016, to file his response to the motion for summary judgment (doc. 29). The petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The petitioner did not file a response.

On February 17, 2016, the undersigned issued a report and recommendation recommending that the case be dismissed for lack of prosecution (doc. 31). On February 19, 2016, the petitioner filed his response (doc. 33) to the motion for summary judgment. On March 7, 2016, the petitioner filed his objections to the report and recommendation, stating that he had been "under institutional quarantine[] and understands the possible consequences of failing to respond adequately" (doc. 34). On March 10, 2016, the district court issued an order declining to adopt the recommendation and referring the case back to the undersigned for consideration of the petitioner's response (doc. 36).

## APPLICABLE LAW AND ANALYSIS

### ***Summary Judgment Standard***

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

***Statute of Limitations***

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The respondent first argues[1] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees.

The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] However, "[t]he time during which a properly filed application

---

[1]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[2]The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The petitioner was found guilty by a jury and was sentenced on August 8, 2007. His convictions became final on March 30, 2010, fifteen days after the March 15, 2010, decision of the South Carolina Court of Appeals affirming his convictions and sentence (app. 398-99). This was the last day on which the petitioner could file a petition for rehearing, which was a necessary step to perfect his ability to file a petition for writ of certiorari in the United States Supreme Court. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Rule 242(c), SCACR ("A decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals"). His federal statute of limitations began to run the following day, March 31, 2010, and ran until July 8, 2010, when the petitioner filed his first PCR action, at which time 99 days of untolled time had elapsed. The statute remained tolled until, at the very latest,[3] November 27, 2013, the date the remittitur was filed (doc. 24-10), after the South Carolina Supreme Court's November 7, 2013, order denying the petition for certiorari (doc. 24-9). *See Caldwell v. Roberts*, C.A. No. 1:14-4277-RMG, 2016 WL 927151, at *5 (D.S.C. Mar. 7, 2016) ("Supreme Court authority therefore requires that the Court calculate the tolling

[3] "There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations." *Jumper v. Warden of Broad River Corr. Inst.*, C.A. No. 1:15-4848-JFA-SVH, 2016 WL 2893988, at *6 n. 4 (D.S.C. Apr. 25, 2016) (citing cases), *R&R adopted by* 2016 WL 2866306 (D.S.C. May 17, 2016).

period as starting when the PCR application was properly filed . . . and ending the day after the appellate remittitur issued . . . .") (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)); *Beatty v. Rawski*, 97 F.Supp.3d 768, 775-76, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina occurs when the remittitur is filed in the circuit court, and thus the statute of limitations is tolled until that time). Accordingly, the time began to run again on November 28, 2013. As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petitioner delivered his Section 2254 petition to prison authorities for mailing to the court on August 7, 2015. Another 617 days passed between November 28, 2013, and August 7, 2015. Thus, a total of 716 days[4] (99 + 617) of untolled time lapsed prior to the filing of the federal petition.

The petitioner filed a second PCR application on July 16, 2013 (doc. 24-11). However, this application did not toll the statute of limitations for the instant federal petition because the PCR court dismissed it as untimely and successive, and, therefore, it was not "properly filed" and does not qualify for tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d) (2) and therefore does not entitle the petitioner to statutory tolling).

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris*, 209 F.3d 325 (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

---

[4]The respondent's calculations are slightly different than the undersigned's (*see* doc. 24 at 8-13).

some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

There is no basis in the record for equitable tolling between the end of the petitioner's PCR appeal and his filing for habeas corpus relief. The petitioner has not asserted any facts sufficient to justify the lateness of this filing in his petition or is in his response in opposition to the motion for summary judgment (*see generally* doc. 1 at 13; doc. 33).

The petitioner argues "that there will be a fundamental miscarriage of justice that will occur if the court grants the respondent's motion for summary judgment" (doc. 33 at 1). A habeas corpus petitioner's failure to comply with the statute of limitations may be overcome by a showing that, in light of new evidence, no reasonable juror would have found him guilty. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). No such showing has been made here. Accordingly, the petition should be dismissed as untimely.

**<u>CONCLUSION AND RECOMMENDATION</u>**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 25) be granted and the petitioner's Section 2254 petition be dismissed as untimely.

s/ Kevin F. McDonald
United States Magistrate Judge

May 27, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).