IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Herbert Lee Matthews, Jr., Petitioner, v. Warden J. McFadden; Respondent. | ) | Civil Action No. 6:15-3194-RMG **ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge recommending that Respondent's motion for summary judgment be granted (Dkt. No. 39). For the reasons stated below, the Court adopts the R & R as the order of this Court.

## I. Background

This Petition arises out of a September 8, 2007, conviction in Charleston County, South Carolina for armed robbery (Dkt. No. 24-1 at 402-03), pointing and presenting a firearm (Dkt. No. 24-1 at 413-14), and the possession of a firearm during a commission of a violent crime (Dkt. No. 24-1 at 408-09). On August 17, 2015, Petitioner filed a *pro se* petition of writ of habeas corpus. (Dkt. No. 1). Respondent filed a motion for summary judgment on December 15, 2015 (Dkt. No. 25), and the Magistrate Judge entered a *Roseboro* order directing the Petitioner to file his response within 34 days (Dkt. No. 26). Petitioner failed to respond within the allotted time, and the Magistrate Judge issued a second order directing Petitioner to respond by February 16, 2016, or risk dismissal for failure to prosecute. (Dkt. No. 29). Petitioner failed to respond by February 16, and subsequently, on February 17, 2016, the Magistrate Judge issued

an R & R recommending that this Court dismiss the petition with prejudice for failure to prosecute. (Dkt. No. 31).

On February 17, 2016, Petitioner mailed a response to Respondent's motion for summary judgment and the Court received the response on February 19, 2016. (Dkt. No. 33). Petitioner subsequently filed a response to the R & R on March 7, 2016, in which he explained that he had been "under institutional quarantine and understands the possible consequences of failing to respond adequately." (Dkt. No. 34 at 1).

On March 10, 2016, this Court issued an order declining to adopt the recommendation and referred the case back to the Magistrate Judge for consideration of Petitioner's response (Dkt. No. 36). After reviewing Petitioner's response in Opposition for Summary Judgment (Dkt. No. 33), the Magistrate Judge issued an R & R recommending summary judgment be granted (Dkt. No. 39).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "agree, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord.* Fed. R. Civ. P. 72(b).

In reviewing this complaint, the Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De 'Lonta v.*

*Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* petitioner's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hos. V. Am. Nat'l. Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp. Inc.*, 190 F.3d 285, 287 (4th Cir. 1999).

## III. Discussion

This Court has reviewed the R & R for any clear errors of law and has found none. As explained in the Report and Recommendation, Petitioner's application of habeas corpus is barred by the applicable statute of limitations. Section 2244(d) provides that

> (d)(1) A 1-year period of limitation shall apply to an application of writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Because the South Carolina Court of Appeals affirmed his convictions and sentence on March 15, 2010 (Dkt. No. 24-1 at 400-01), Petitioner's convictions became final on March 30, 2010. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Therefore, his federal statute of limitations started running on March 31, 2010, and ran until Petitioner filed his first post-conviction relief (PCR) action on July 8, 2010. By that time, a total of 99 days of un-tolled time had elapsed.

The Magistrate Judge correctly notes that there remains a dispute among opinions in this district whether "(1) the decision date, (2) the remitter date, or (3) the date of receipt of the remitter controls for purposes of calculating the statute of limitations." *Jumper v. Warden of*

*Broad River Corr. Inst.*, No. CV 1:15-4848-JFA-SVH, 2016 WL 2893988, at *6 n.4 (D.S.C. Apr. 25, 2016), *report and recommendation adopted*, No. CV 1:15-4848-JFA, 2016 WL 2866306 (D.S.C. May 17, 2016). Liberally construing the dates applicable for tolling, the statute remained tolled at the very latest, on the date the remitter was filed on November 27, 2013. (Dkt. No. 24-10). The statute of limitations began running again on November 28, 2013. From that date, Petitioner had 266 days of un-tolled days left to file his federal petition. However, Petitioner delivered his § 2254 petition to prison authorities for mailing to the court on August 7, 2015, which was 617 days after November 28, 2013. (Dkt. No. 1). Therefore, the Magistrate Judge correctly notes that a total of at least 716 days of un-tolled time lapsed prior to the filing of Petitioner's § 2254 petition. (Dkt. No. 39 at 9). Likewise, the second PCR application filed on July 6, 2013 (Dkt. No. 24-11) does not toll the statute of limitations for the instant federal petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The limitations period may be equitably tolled if Petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstances stood in his way, preventing him from timely filing his habeas petition. *Pace*, 544 U.S. at 418. However, Petitioner has not established that these two elements are met in this case. Accordingly, Petitioner's claims are barred by the applicable statute of limitations.

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's R & R as the Order of the Court (Dkt. No. 39). Accordingly, Respondent's motion for summary judgment is *granted* (Dkt. No. 25), and this case is dismissed.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

August 15, 2016
Charleston, South Carolina